```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| BYRON PINEDA-MORALES, | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil Action No. 03-4297 (JBS) |
| v. | |
| CHARLES DE ROSA, et al., | **MEMORANDUM OPINION** |
| Defendants. | |

APPEARANCES:

Byron Pineda-Morales
#37293-004
FCI OAKDALE
Post Office Box 5000 E-2
Oakdale, LA 71463-500
    Plaintiff, Pro se

Dorothy J. Donnelly, Esq.
United States Attorney's Office
402 East State Street
Room 430
Trenton, NJ 08608
    Attorney for Defendants Charles De Rosa, Ibrahim A. Aziz,
    Phil Harden, Heidi Kugler, and Bureau of Prisons

**SIMANDLE**, District Judge:

    This matter comes before the Court upon the motion of Defendants [Docket Item 46] to dismiss this action as moot, given Plaintiff's release from custody. Because the Court agrees that the action is moot, the Court will **GRANT** this motion to dismiss in its entirety.

    This motion has been pending since May 22, 2006. Defendants

have made two unsuccessful attempts to serve Plaintiff at his last known address.  [Docket Items 47, 49, 51].  According to Defendants [Docket Item 47] and the United State Postal Service's website, that address does not exist.  Local Civil Rule 10.1(a) requires parties, including unrepresented parties, to notify the Court of any change in address within five days of such change.  Because Plaintiff failed to do so and has not responded to this motion, the Court must regard it as unopposed.[1]

    Plaintiff claims that Defendants failed to permit him to exercise his religion while he was in their custody at the Federal Correctional Institution in Fort Dix, New Jersey.  On July 6, 2005, this Court granted Defendants' motion for summary judgment, in part, and barred Plaintiff from seeking damages.  <u>Pineda-Morales v. De Rosa</u>, No. 03-4297, 2005 WL 160726, at *12-14 (D.N.J. July 6, 2005)[Docket Item 33].  Thus, Plaintiff's only pending claims are those for declaratory or injunctive relief.

    Defendants argue that this action became moot when Plaintiff was released from custody on May 15, 2006, as a judgment in his favor on the remaining claims could no longer benefit him.  They argue that under Article III, there is no case or controversy for this Court to decide, as declaratory or injunctive relief would

---

[1] Further, Defendants have informed the Court that the Department of Homeland Security deported Plaintiff.  Thus, Plaintiff likely will not pursue this action.

provide Plaintiff nothing.  Nor, they claim, is this matter of the type that is capable of repetition, yet evading review.

This Court agrees with Defendants.  Id. at *1 n.1 (recognizing that Plaintiff's "requested declaratory and equitable relief may remain relevant **so long as [he] remains a federal prisoner**.")(emphasis added); see also Sutton v. Rasheed, 323 F.3d 236, 248 (3d Cir. 2003) ("An inmate's transfer from the facility complained of generally moots the equitable and declaratory claims.").  After Pineda-Morales's release from federal custody, this matter ceased to be justiciable, and is, therefore, dismissed.

The accompanying Order will be entered.

**September 15, 2006**                          **s/ Jerome B. Simandle**
Date                                            JEROME B. SIMANDLE
                                                United States District Judge